IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-244-H
No. 5:15-CV-635-H

CHRISTOPHER MARK SAUNDERS,  )
    Petitioner,  )
                              )
    v.  )                   **ORDER**
                              )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on the government's motion to dismiss, [DE #38], in response to petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #31]. Petitioner has filed a response, [DE #41 and #44], as well as two motions to supplement pending § 2255 motion, [DE #47 and #49], and a motion for release from custody pending outcome of § 2255, [DE #48]. This matter is ripe for adjudication.

## BACKGROUND

On September 10, 2012, petitioner pled guilty, pursuant to a written plea agreement, to two counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Counts One and Two). On December 12, 2012, petitioner was sentenced to a total term of imprisonment of 96 months. Petitioner did not appeal.

On April 16, 2015, petitioner filed a motion for appropriate relief which the court has construed in part as a motion to vacate

under 28 U.SC. § 2255. On December 3, 2015, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 alleging: (1) under Johnson v. United States, 135 S.Ct. 2551, 2584 (2015), his prior convictions no longer qualify as crimes of violence under United States Sentencing Guidelines ("USSG") § 4B1.2 and his base offense level should be corrected and (2) his criminal history score was incorrectly calculated. The government has moved to dismiss petitioner's motion to vacate under 28 U.S.C. § 2255.

<u>COURT'S DISCUSSION</u>

**I. Motions to Supplement Pending § 2255, [DE #47 and #49]**

For good cause shown, petitioner's motions to supplement pending § 2255, [DE #47 and #49], are GRANTED, to the extent he moves to supplement the § 2255. The court has considered those supplements herein.

**II. Motion to Vacate Under 28 U.S.C. § 2255, [DE #31]**

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson. However, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court declined to extend its ruling in Johnson to the residual

2

clause of USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was not sentenced under ACCA, but rather was sentenced pursuant to § 2K2.1(a)(3) as the offense was determined to involve a firearm under 26 U.S.C. § 5845(a) and the defendant committed a felony conviction for a crime of violence under USSG § 4B1.2 prior to his offenses of conviction.

Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1). Petitioner's judgment was entered on December 20, 2012. Petitioner did not file an appeal, and therefore his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). The court notes petitioner's § 2255 motion was not filed until April 26, 2015, well more than one year after the judgment became final. Thus, petitioner's motion to vacate is untimely and is therefore DISMISSED.

**III. Motion for Appropriate Relief, [DE #30]**

For lack of good cause shown, petitioner's motion for appropriate relief, [DE #30], is DENIED.

**IV. Motion for Release On "or" Bond Pending the Outcome of the § 2255 Petition, [DE #48]**

For lack of good cause shown, petitioner's motion for appropriate relief, [DE #48], is DENIED.

3

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #38], is GRANTED. Petitioner's motions to supplement, [DE #47 and #49], are GRANTED. Petitioner's motions, [DE #30, #31, and #48], are DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 10th day of July 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

4