IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:12-CR-244-1H
5:15-CV-635-H

CHRISTOPHER MARK SAUNDERS,           )
                                     )
    Petitioner,                      )
                                     )
    v.                               )      **ORDER**
                                     )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Respondent.                      )

This matter is before the court on petitioner's motion for reconsideration[1], [DE #52], asking this court to reconsider its order and judgment, [DE #50 and #51], dismissing petitioner's motion to vacate pursuant to 28 U.S.C. § 2255.

Courts have generally recognized three grounds for altering or amending judgments pursuant to Fed. R. Civ. Pro. 59(e). Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Specifically, courts will alter or amend "an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citing Weyerhauser Corp. v. Koppers Co., 771 F.Supp. 1406, 1419 (D. Md.

---

[1] To the extent petitioner moves for reconsideration pursuant to Fed. R. Civ. Pro. 59 and 60(e), the court, liberally interpreting pro se pleadings, construes this as a motion pursuant to Fed. R. Civ. Pro. 59(e) and 60(b).

1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Federal Rule of Civil Procedure 60(b) is an extraordinary remedy that permits a court to "relieve a party … from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). To do so, a party must demonstrate "exceptional circumstances" warrant granting the relief. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Additionally, the party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he must proceed to satisfy one or more of the rules' six grounds for relief from judgment." Werner, 731 F.2d at 207. The six specific sections of Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

2

(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

The court, having reviewed petitioner's motion as well as the record in this matter, finds no reason to alter or amend its judgment or to grant the other relief requested. Therefore, petitioner's motion for reconsideration [DE #52] is DENIED.

This __29th__ day of December 2020.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35